IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| PRECISION WEATHER SOLUTIONS, INC., ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> FARMERS EDGE INC AND FARMERS EDGE (US) ) <br> INC., ) <br> ) <br> *Defendants*. ) <br> ) | Civil Action No. 1:21-cv-00821-LO-IDD <br> Hon. Liam O'Grady |

# MEMORANDUM ORDER

## Introduction

This matter comes before the Court on the Defendant's Motion to Dismiss for failure to state a claim, improper venue, and lack of personal jurisdiction. The motion has been fully briefed by the parties.

## Background

The Plaintiff, Precision Weather Solutions Inc. ("PWS"), is a Canadian corporation with its principal place of business in Winnipeg, Manitoba, Canada. Dkt. 16 at 1. PWS offers weather forecasting services to clients through a software platform. *Id.* at 6-7. The Defendant, Farmers Edge Inc. ("FE"), is a Canadian corporation with its principal place of business in Winnipeg,

1

Manitoba, Canada. *Id.* at 1. The Defendant, Farmers Edge (US) Inc., is a subsidiary of FE and is a Minnesota corporation. *Id.* FE offers a variety of agricultural services to clients, one of which is a the FarmCommand software platform. *Id.* In March of 2014, PWS and FE entered into a series of agreements to license PWS' software platforms to FE. *Id.* at 10. One of these agreements was a "Confidentiality Agreement" that contained provisions for the handling of the alleged proprietary information that PWS has licensed to FE. *Id*; *see also* Dkt. 7-4.

The controversy between the Parties began in November of 2015 when FE attempted to terminate their agreements with PWS after making complaints about the performance of PWS. Dkt. 7-16 at 6. PWS claimed that FE owed it a "significant amount of money" and that any issues with the performance of the contract were the fault of FE. *Id.* Difficulties continued between the parties and in December of 2015 FE commenced a civil action against PWS at the Court of the Queen's Bench Manitoba in Winnipeg, Manitoba, Canada. *Id.* After proceeding through discovery and a series of legal filings, PWS asserted claims that FE had misappropriated its intellectual property and placed it within FE's FarmCommand software platform. *Id.* at 6-7. On March 18, 2021 the Canadian judge pointedly denied PWS' motion for a temporary injunction. *Id.* at 14-15.

On July 12, 2021 PWS commenced a civil action in this Court. Dkt. 1. PWS alleges Misappropriation of Trade Secrets under 18 U.S.C. §1836, Misappropriation of Trade Secrets under the Va. Code §§59.1-336-59.1-343, Fraud in the Inducement, Conversion, and Unjust Enrichment. PWS alleges that it has been harmed by the acquisition and continuing use of the trade secrets FE has allegedly misappropriated. *Id.* at 36.

PWS generally alleges that this Court has personal jurisdiction because "FE has been conducting and continues to conduct business in [the Eastern District of Virginia]." *Id.* at 2. PWS alleges that the Court has subject matter jurisdiction because it has brought its claims under the Defend Trade Secrets Act. *Id.* at 2; *see* 18 U.S.C. §1836. PWS generally alleges that venue is proper for the Court because "part of the acts and the injuries arising" occurred in the judicial district. *Id.* at 6.

FE has moved for the Court to dismiss this civil action for failure to state a claim, improper venue, and lack of personal jurisdiction.

**Analysis**

PWS references the Confidentiality Agreement between the parties multiple times in its amended complaint. *Id.* at 10. The Confidentiality Agreement is "sufficiently referred to" within the complaint, accordingly the Court may consider the Confidentiality Agreement when it decides the Defendant's Motion to Dismiss. *Stoney Glen, LLC. v. Southern Bank and Trust Co.*, 944 F. Supp. 2d 460, 464 (E.D. Va. 2013) (citations omitted).

The Court should give weight to a valid forum selection clause in all but the most "exceptional circumstances." *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 63 (2013*) quoting Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring). A forum selection clause is assumed to be valid unless it is objected to. *Ross v. King's Creek Plantation*, 2015 U.S. Dist. LEXIS 196082 at 8 (E.D. Va. December 8, 2015). Neither PWS nor FE have objected to the validity of the forum selection clause found within the Confidentiality Agreement. Section 10 of the Confidentiality Agreements reads: "This

Agreement shall be governed by the laws in force in the Province of Manitoba and the parties submit to the exclusive jurisdiction of the Courts of Manitoba." Dkt. 7-4 ¶ 10.

PWS argues against enforcement of the selection clause and relies on a quotation from *Dee-K Enterprises, Inc. v. Heveafil SDN. Bhd.* to argue that 28 U.S.C. §1391 "eliminates any venue impediment to suit in this district with respect to the foreign defendants because they, as aliens, may be sued in any federal district." 982 F. Supp. 1138, 1149 (E.D. Va. 1997). *Dee-K Enterprises* is factually distinct from the current case before the Court. *Id.* at 1141 (The defendants were part of an alleged cartel of rubber thread producers who sold their product in the United States). In *Dee-K Enterprises* the District Court found that venue was proper because the claims arose under the anti-trust provisions of the Sherman Act. *Id.* at 1148. The District Court reasoned that venue was proper because "doing so furthers enforcement of the federal antitrust laws" and "there is *no* other forum that could have an interest in enforcing the relevant provisions of the Sherman Act." *Id.* (emphasis in original). In the current case, the claims before the Court are not unique to the United States and finding proper venue would not further a specific United States federal interest.

PWS further argues that the Court should find venue proper because "there is no trade secret misappropriation tort in the Canada action." Dkt.15 at 3. However, the Supreme Court has traditionally found that venue is not proper even when specific remedies may not be available in a foreign venue. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981) (The Court found that Scotland was the correct venue for the action even though the Plaintiffs would not be able to argue a theory of strict liability in the Scottish forum); *see also Canada Malting Co. v. Paterson S.S., Ltd.*, 285 U.S. 413, 424 (1932) (Canada was the proper venue to decide claims arising from

the crash of two Canadian vessels even if the ships were "in United States waters unintentionally"). Even assuming that trade secret misappropriation torts are not available in Canada, this is not a compelling reason for the Court to find venue proper in the present action.

A motion under Federal Rule of Civil Procedure 12(b)(3) can be granted when the venue of the civil action is "wrong or improper." *Coastal Mechs. Co. v. Def. Acquisition Program Admin.*, 79 F. Supp. 3d 606, 609 (E.D. Va. 2015). In *Coastal Mechs.*, the District Court found that a valid, exclusive, and mandatory forum selection clause warranted dismissal. *Id.* at 612 (The District Court found it would not be unreasonable for the parties to adjudicate their dispute in Korea due to a forum selection clause). In that case the District Court noted the sophistication of the parties and the fact that the parties entered a "series of contracts over many years" in the analysis of enforcing the forum selection clause. *Id.* at 612. In the present case both FE and PWS are sophisticated parties. It is undisputed both parties entered into a series of agreements. Dkt. 16 at 16. The word "shall" that appears in the Confidentiality Agreement's forum selection clause as well as "exclusive." Dkt. 7-4 ¶ 10. Under the plain meaning of these terms, the Court finds that the forum selection clause in the Confidentiality Agreement is mandatory and exclusive. *Coastal Mechs.*, 79 F. Supp. at 611. As in *Coastal Mechs*, the forum selection clause is mandatory and exclusive and the enforcement of it would be reasonable to the parties. *Id.* It is highly reasonable for this Court to require PWS to "perform its contractually obligated duty" to adjudicate this action in Canada. 79 F. Supp. 3d, at 612.

## Conclusion

PWS has made no meritorious argument that the Confidential Agreements forum selection clause should not be enforced. There do not appear to be any exceptional circumstances that would cause the Court to hesitate holding the parties to the terms of the Confidential Agreement.

Therefore, the Motion to Dismiss is **GRANTED** and this action is **DISMISSED**.

It is **SO ORDERED**.

September 30, 2020
Alexandria, Virginia

Liam O'Grady
United States District Judge